COMMONWEALTH *vs.* GEORGE M. MARSHALL
(and sixteen companion cases between the same parties).

Suffolk.    October 7, 1969. — December 1, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Constitutional Law,* Public trial, Due process of law.  *Practice, Criminal,*
Public trial.

At a trial upon an indictment for a crime involving sex committed against
a minor under eighteen years of age, it was error under G. L. c. 278,
§ 16A, and the Sixth Amendment of the Constitution of the United
States, made applicable by the Fourteenth Amendment; for the judge,
upon the prosecutor's recommendation before the taking of any evi-
dence, to allow only witnesses in the court room and to exclude there-
from the defendant's mother, sister, brother, and a friend; and the
defendant's conviction must be reversed even though he showed no
prejudice from the exclusion.

INDICTMENTS found and returned in the Superior Court on
October 28, 1966.

The cases were tried before or heard by *Sullivan,* J.

*Israel Bernstein* for the defendant.

*Robert N. Gross,* Assistant District Attorney, for the
Commonwealth.

WILKINS, C.J.  The defendant was indicted for the
crimes of sodomy, G. L. c. 272, § 34; unnatural and lasci-
vious acts with boys under sixteen, second offences, G. L.
c. 272, § 35A; indecent assault and battery upon boys
under fourteen, G. L. c. 265, § 13B; and being a lewd,
wanton, and lascivious person in speech and behavior, G. L.
c. 272, § 53.  There are seventeen indictments which were
tried subject to G. L. c. 278, §§ 33A–33G, and are here on
the defendant's appeal with many assignments of error.  On
so much of the indictments as did not charge second offences,
he was tried to a jury, and found guilty on each.  On the

remaining portions of the indictments which charged
second offences, he was tried jury waived and found guilty
on each.

The evidence is extremely sordid. . Beyond stating that it
was ample to convict,[1] we shall not defile our reports by
repeating any of it.

The third assignment is that there was error in accepting
the recommendations of the district attorney that the trial
be conducted in a private hearing, allowing only the wit-
nesses to be present in the court room, and denying the
request of the defendant that his mother, sister, brother,
and a friend be allowed in the court room. The reasons
assigned are that the judge (1) violated the constitutional
right of the defendant to a public hearing and (2) miscon-
strued the provisions of G. L. c. 278, § 16A, which reads:
"At the trial of a complaint or indictment for rape, incest,
carnal abuse or other crime involving sex, where a minor
under eighteen years of age is the person upon, with or
against whom the crime is alleged to have been committed
. . . the presiding justice shall exclude the general public
from the court room, admitting only such persons as may
have a direct interest in the case."

Both reasons are valid, and we need not consider any
other assignments to determine the case.

Before any evidence was taken the judge allowed the
district attorney's motion that "because of the age of the
victims" the trial be in private hearing, allowing only the
witnesses in the court room. Counsel for the defendant
stated that the only spectators present were the defendant's
mother, sister, brother, and a friend. The district attorney
interjected, "I would object to that very strongly, Your
Honor. That is precisely why I don't want them in the
courtroom." Counsel for the defendant continued, "I
would respectfully request that these people be allowed to
remain in the courtroom." The judge ruled, "No. We will

[1] The only exception to this statement is that with respect to one boy
there were three indictments for unnatural acts (26,199, 26,200, 26,201) but
evidence of but two offences.

accept the recommendation and suggestion of the District Attorney." The defendant excepted.

In *Commonwealth* v. *Blondin*, 324 Mass. 564, 570–571, it was stated by Chief Justice Qua, "There is nothing in the Constitution of this Commonwealth corresponding to the right to a 'public trial' expressly granted by the Sixth Amendment to the Constitution of the United States, and there is nothing to prevent the enactment of such a statute as § 16A." The Legislature, in enacting this (p. 571), "could reasonably determine that the public interest would be better served by exclusion. . . . It calls only for exclusion of 'the general public' as distinguished from 'such persons as may have a direct interest in the case.' It is to be strictly construed in favor of the general principle of publicity. The expression 'such persons as may have a direct interest in the case' must be interpreted broadly. It was certainly not intended to be limited to the parties. . . . The intent was to distinguish between persons having a legitimate reason for being present and mere idle spectators who are often attracted in large numbers to sensational trials involving sex issues, not only to the detriment of the community but sometimes to the degradation of justice itself. We do not construe the statute as excluding a parent, husband, wife, or guardian of a defendant or even a friend whose presence he desires and who might give him legitimate assistance or comfort without interfering with the trial."

We are of opinion that there was error in excluding the mother, brother, sister, and friend of the defendant. Such a ruling was beyond the authorization in § 16A. It was not a strict construction in favor of the general principle of publicity. We might wonder why the defendant would wish his mother or sister to hear evidence establishing his character as of the very lowest. Likewise it was not because the defendant wished assistance and comfort in testifying, as he did not take the stand. It is also improbable that the defendant could have been acquitted by any jury with the evidence so overwhelming and uncontradicted.

Such considerations cannot contravene the right of the

defendant not only to a proper construction of § 16A but to his rights under the Sixth Amendment to the Constitution of the United States. These rights outweigh also the district attorney's argument that the purpose of the exclusion was to spare the young witnesses the embarrassment of relating in public unusually degrading experiences.

The exclusion of the defendant's relatives and friend was in violation of the Sixth Amendment to the Constitution of the United States, which requires that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." "[W]ithout exception all courts have held that an accused is at the very least entitled to have his friends, relatives and counsel present, no matter with what offense he may be charged." *In re Oliver,* 333 U. S. 257, 271–272, n. 29. Even if we might be of opinion that violation of § 16A was harmless error, we cannot reach that result under the Sixth Amendment. This is because we must assume that the court empowered to declare the supreme law of the land would assert that the Sixth Amendment was applicable to this trial under the Fourteenth Amendment. See *Gideon* v. *Wainwright,* 372 U. S. 335; *Pointer* v. *Texas,* 380 U. S. 400; *Klopfer* v. *North Carolina,* 386 U. S. 213. A showing of prejudice is not necessary for reversal of a conviction which is not the result of public proceedings. See *Davis* v. *United States,* 247 Fed. 394, 398–399 (8th Cir.); *Tanksley* v. *United States,* 145 F. 2d 58, 59 (9th Cir.); *United States* v. *Kobli,* 172 F. 2d 919, 921 (3d Cir.); *Levine* v. *United States,* 362 U. S. 610, 627n (dissenting opinion); annotation, 156 A. L. R. 265, 296; annotation, 48 A. L. R. 2d 1436, 1454.

*Judgments reversed.*