COMMONWEALTH *vs.* FRED WELLS. September 29, 1971. In 1967, Wells was found guilty by a judge sitting without jury on each of eleven indictments for various sex offences, some involving children. After our decision in *Commonwealth* v. *Marshall*, 356 Mass. 432, Wells, while serving substantial sentences, filed a petition, dealt with as a motion for new trials, essentially alleging that at his trial the general public, witnesses, and friends were excluded (G. L. c. 278, § 16A) from the court room. This motion, heard under G. L. c. 278, §§ 33A–33G, was denied. Wells had retained as trial counsel Mr. Kent B. Smith, a lawyer with long experience in criminal cases. See Smith, Criminal Practice and Procedure, § 1031 (where, even before the *Marshall* decision, the author construed G. L. c. 278, § 16A, as it was later construed in that case). This lawyer (with Wells' permission) testified at the hearing on the new trial motion (a) that witnesses were sequestered from one another at his request, and (b) that Wells had not asked him to arrange to have particular available persons, friends, or relatives present at the trial. This record shows no request to the trial judge on the subject, and no saving of any exception. No claim of appeal from the judgments was made. In the *Marshall* case, due request was made at trial to admit Marshall's family and friends. Here the issue first was raised on a motion for new trial. In the circumstances, there was no improper denial of any right of Wells to a public trial (under the Sixth Amendment to the United States Constitution) by the proceedings at trial in which Wells and competent counsel acquiesced. See *Melanson* v. *O'Brien*, 191 F. 2d 963, 965 (1st Cir.); Wigmore, Evidence (3rd ed.) § 1835 (1). See also *Commonwealth* v. *Needel*, 349 Mass. 580, 581.

*Order denying new trials affirmed.*

*Alexander Whiteside, II* (*Reuben Goodman* with him) for the defendant.
*John T. McDonough*, Assistant District Attorney, for the Commonwealth.