COMMONWEALTH *vs.* ROY LEO.

Franklin. May 24, 1979. — August 21, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Constitutional Law,* Public trial. *Practice, Criminal,* Public trial, Du-
plicitous charges, Comment by prosecutor. *Selective Prosecution.*
*Evidence,* Consciousness of guilt, Prior inconsistent statement.

A criminal defendant charged with sexual offenses against a fourteen
year old girl could not complain that the judge erred in permitting
newspaper reporters to attend and report the trial in violation of G. L.
c. 278, § 16A. [36-38]

There was no merit to the contention of a criminal defendant charged
with sexual offenses against a fourteen year old girl that the indict-
ments should be dismissed on grounds of discriminatory enforcement
of the law. [39]

There was no merit to the contention of a criminal defendant charged
with sexual offenses against a fourteen year old girl that he was sub-
jected to double jeopardy by the fact that he was indicted both for un-
natural sexual intercourse and for unnatural and lascivious acts based
on the same incidents where the judge dismissed the latter indictments
and instructed the jury that they could convict the defendant either of
unnatural sexual intercourse or of unnatural and lascivious acts as a
lesser included offense. [39-40]

At a criminal trial, the judge did not err in admitting evidence that the defendant had attempted to bribe or intimidate prosecution witnesses. [40-41]

At a criminal trial, evidence of a prior inconsistent statement made by the defendant was admissible for purposes other than impeachment. [41-42]

At a criminal trial, there was nothing improper in the prosecutor's closing argument. [42]

INDICTMENTS found and returned in the Superior Court on September 23, 1977.

The cases were tried before *Cross*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Sebastian J. Ruggeri* (*Edward P. Smith* with him) for the defendant.

*Stephen R. Kaplan*, Assistant District Attorney, for the Commonwealth.

*Marguerite M. Dolan*, for the Greenfield Recorder, amicus curiae, submitted a brief.

*James F. McHugh, Janis M. Berry*, for the Globe Newspaper Company, & *James C. Heigham*, for the Massachusetts Newspaper Publishers Association, amici curiae, submitted a brief.

KAPLAN, J.  The defendant Roy Leo, a clergyman in his mid-fifties at the times charged, was convicted after jury trial on indictments for three separate sexual offenses against a fourteen year old girl whom he was counseling — indictments for assault and battery in the form of an offensive touching (G. L. c. 265, § 13A), and for two incidents of unnatural sexual intercourse with a female under the age of sixteen (G. L. c. 265, § 23).  Based on the latter incidents, two indictments had been returned for unnatural and lascivious acts with a female under the age of sixteen (G. L. c. 272, § 35A).  These indictments, considered "lesser included," were ordered dismissed before the case went to the jury.  The defendant was sentenced to concurrent terms of six to ten years on the convictions for unna-

tural sexual intercourse; with the Commonwealth's consent the assault conviction was placed on file. On the present appeal under G. L. c. 278, §§ 33A-33G, the defendant urges a variety of assignments of error.[1] Primary contentions are that the judge erred in failing to exclude the press from the trial as supposedly required by G. L. c. 278, § 16A; that the prosecution of the defendant was a case of unfair "selective" enforcement of the law; and that the defendant was exposed to "double jeopardy." In addition, several rulings of the judge during trial are challenged as contrary to law, and the prosecutor's closing argument is criticized. None of the points raised is more than barely plausible. We affirm the convictions. As it is not claimed on this appeal that the evidence was insufficient to support the verdicts, we need not offer a full statement of the facts.

1. *Failure to exclude the press.* General Laws c. 278, § 16A, provides: "At the trial of a complaint or indictment for rape, incest, carnal abuse or other crime involving sex, where a minor under eighteen years of age is the person upon, with or against whom the crime is alleged to have been committed, . . . the presiding justice shall exclude the general public from the court room, admitting only such persons as may have a direct interest in the case."[2] There were motions before trial by the defendant and the complaining witness (assented to by the Commonwealth) to exclude members of the public from the court room. The judge responded by barring miscellaneous onlookers, but he ruled that the press was not part of "the general public" in the meaning of the statute. Therefore he allowed newspaper reporters to attend and report the trial, but only on their undertaking not to publish information that might tend to

---

[1] Assignments of error not briefed or argued are considered waived. S.J.C. Rule 1:13, as amended, 366 Mass. 853 (1974). See *Commonwealth v. Meehan*, 377 Mass. 552, 554 n.1 (1979).

[2] We received a brief from the Greenfield Recorder, and a joint brief from the Globe Newspaper Company and the Massachusetts Newspaper Publishers Association, as friends of the court, dealing with the proper construction and scope of § 16A.

disclose the identity of the complaining witness.[3] The defendant excepted to the admittance of the reporters.

This court has dealt with G. L. c. 278, § 16A, on two occasions. In *Commonwealth* v. *Blondin*, 324 Mass. 564 (1949) (Qua, C.J.), cert. denied, 339 U.S. 984 (1950), we held the statute to be constitutional, but said it must be read in light of "the general principle of publicity" (*id.* at 571), and so the "expression 'such persons as may have a direct interest in the case' must be interpreted broadly," for "[t]he intent was to distinguish between persons having a legitimate reason for being present and mere idle spectators." *Id.* Upholding a conviction upon trial from which casual spectators had been excluded, we added: "It does not appear that the press was excluded, even if the statute could be interpreted as permitting such exclusion, which we need not decide." *Id.* at 572. (Nor do we decide the point in the present case.) Relying on *Blondin*, we held in *Commonwealth* v. *Marshall*, 356 Mass. 432 (1969), that the statute did not envisage exclusion of a defendant's family or friends, and on that basis we reversed a conviction and ordered a new trial. That sort of exclusion "was beyond the authorization in 16A," (*id.* at 434) and, further, was "in violation of the Sixth Amendment to the Constitution of the United States," which entitled a defendant "at the very least . . . to have his friends, relatives and counsel present, no matter with what offense he may be charged." *Id.* at 435, quoting from *In re Oliver*, 333 U.S. 257, 271-272 & n.29 (1948).

Our cases do not give a direct answer to the question whether § 16A should be read to require (or permit) exclusion of the press, nor do they say how the United States Constitution or our own Declaration of Rights might impinge on such an interpretation.[4] But in *Blondin* we observed that

---

[3] No question is raised here about the constitutionality of this restriction on the press. See *Gannett Co.* v. *DePasquale*, 443 U.S. 368, 393 n.25 (1979); *Nebraska Press Assn.* v. *Stuart*, 427 U.S. 539 (1976).

[4] As to the Federal constitutional issue, see *Gannett Co.* v. *DePasquale*, *supra*; *Cox Broadcasting Corp.* v. *Cohn*, 420 U.S. 469 (1975); *Branzburg*

the statute arose from the idea "that female witnesses in particular would come forward, institute complaints, and testify with less reluctance, so that more justice would be accomplished, if they could be relieved from the inhibitions imposed by the presence of a curiosity impelled audience." 324 Mass. at 571. The act embodying the current version of § 16A was entitled, "An Act to protect female witnesses involved in illegitimacy proceedings and in crimes involving sex." St. 1931, c. 205. The defendant himself acknowledges: "Clearly, G. L. c. 278, § 16A was designed to protect a class of people under the age of sixteen." See, for similar interpretations, *United States ex rel. Latimore* v. *Sielaff*, 561 F.2d 691, 694 (7th Cir. 1977); Note, Trial Secrecy and the First Amendment Right of Public Access to Judicial Proceedings, 91 Harv. L. Rev. 1899, 1918-1919 (1978). As the main purpose of the statute appears to have been to assure that the Commonwealth's case would not be destroyed by reason of witnesses' reluctance to testify before a miscellaneous audience, it can hardly be inferred that the criminal defendant was an object of the statute's solicitude. Thus we conclude that he cannot complain of a violation of the statute. Cf. *Falmouth Hosp.* v. *Lopes*, 376 Mass. 580 (1978); *Piper* v. *Chris-Craft Indus., Inc.*, 430 U.S. 1 (1977). A reference by the defendant to the Sixth Amendment right to a public trial is quite misplaced: it is he who objects to a public trial in the degree that the presence of the press makes for such a trial. Cf. *Gannett Co.* v. *DePasquale*, 443 U.S. 368, 382-383 & n.11 (1979); *Singer* v. *United States*, 380 U.S. 24, 34 (1965). We add that the defendant does not complain that the press coverage was such as to infect the trial with prejudice.[5]

v. *Hayes*, 408 U.S. 665 (1972). See generally Note, Trial Secrecy and the First Amendment Right of Public Access to Judicial Proceedings, 91 Harv. L. Rev. 1899 (1978); Note, The Right to Attend Criminal Hearings, 78 Colum. L. Rev. 1308 (1978).

[5] Compare *Sheppard* v. *Maxwell*, 384 U.S. 333 (1966), with *Delle Chiaie* v. *Commonwealth*, 367 Mass. 527, 532 (1975), and *Commonwealth* v. *Gilday*, 367 Mass. 474, 491-493 (1975).

2. *Selective enforcement.* The evidence pointed to an incident of sexual intercourse between the complaining witness and a sixteen year old boy, who was not prosecuted. This inspired an egregious motion by the defendant to dismiss the prosecution on grounds of selective or discriminatory enforcement of the criminal law. In *Commonwealth v. Franklin,* 376 Mass. 885, 894 (1978), after speaking of the wide discretion traditionally allowed to the executive in choosing targets for prosecution,[6] we described the specific preconditions of a challenge to the choice, which are not found here;[7] but if general arbitrariness might suffice,[8] that is not made out on the present record. The Commonwealth could, with reason, decide to prosecute only the adult who had abused a position of trust as the complainant's counselor or adviser. See Model Penal Code § 213.3 (Proposed Official Draft 1962).

3. *So called "double jeopardy."* The defendant proceeds on the assumption that the charge of unnatural and lascivious acts was within the perimeter of the charge of unnatural sexual intercourse as "lesser included." He objected to being indicted for both crimes (as to each incident), but on his own assumption all he was entitled to in substance was assurance that, if convicted, he would not be punished separately and cumulatively for two offenses. See *Commonwealth*

---

[6] See *Manning* v. *Municipal Court of the Roxbury Dist.,* 372 Mass. 315, 318 (1977); *Nader* v. *Saxbe,* 497 F.2d 676 (D.C. Cir. 1974).

[7] We said a defendant must show that a broader class than those prosecuted had violated the law, that the failure to prosecute was intentional or consistent, and that the decision to prosecute was based on an impermissible factor such as race, religion, or sex. 376 Mass. at 894. See *United States* v. *Catlett,* 584 F.2d 864, 866 (8th Cir. 1978); *United States* v. *Kahl,* 583 F.2d 1351, 1353 (5th Cir. 1978); *United States* v. *Cooper,* 577 F.2d 1079, 1086 (6th Cir. 1978); *United States* v. *Union Nacional de Trabajadores,* 576 F.2d 388, 395 (1st Cir. 1978); *United States* v. *Gillings,* 568 F.2d 1307, 1309 (9th Cir. 1978); *United States* v. *Berrios,* 501 F.2d 1207, 1211 (2d Cir. 1974).

[8] For an argument to this effect, see K.C. Davis, Administrative Law of the Seventies §§ 4.00-6 - 4.00-7, 28.00 - 28.00-5 (1976).

v. *Tabor*, 376 Mass. 811, 825 (1978); *Commonwealth* v. *Kiley*, 373 Mass. 454, 461-462 (1977). The judge let the indictments stand over the defendant's objection, but before passing the case to the jury he dismissed the indictment for unnatural and lascivious acts (as to each incident) and instructed the jury, in effect, that under the indictment for unnatural sexual intercourse they might convict the defendant of that crime, or acquit him of that crime but convict him of unnatural and lascivious acts as a lesser included offense (carrying a lesser penalty), or acquit him of both; they could not convict the defendant separately of each of the two offenses. The dismissal and the instruction involved no error and indeed drew no objection from the defendant. We do not think the finding of indictments for the "larger" and "lesser" offenses and the defendant's going to trial under them can in themselves count as harassment by multiple charges of the type discouraged in *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979).

4. *Rulings in course of trial.* (a) The judge admitted considerable evidence on the part of the Commonwealth that the defendant attempted to bribe or intimidate prosecution witnesses. The complainant's foster sister, who testified to certain particulars of the defendant's conduct, testified further that the defendant arranged for her to meet another clergyman and to confess to him that what she had told the grand jury, implicating the defendant, was false and uttered as part of a conspiracy originating with the complainant's parents to extort money from the defendant. In consideration of this confession, the defendant found the witness a job and promised to give her money if she should need it. The witness in fact met the clergyman, and went to the district attorney's office and disclaimed her grand jury testimony and told of the conspiracy; but she then returned to that office and said her recantation had been procured by the defendant and was false. The witness also testified at trial that the defendant had prevailed on her to telephone the complainant's brother-in-law and threaten him into persuading the complainant and her family to drop

the charges. (The telephone conversation was recorded on tape by the defendant and the tape was introduced at trial.) There was testimony from the complainant's mother that the defendant in a phone conversation had suggested that the complainant "would get some money out of it if she'd drop the charges." A hospital administrator testified that the defendant asked him to "steal" hospital records concerning the admission of the complainant's brother-in-law to a mental institution.

All the evidence referred to was admissible, over objection, to show consciousness of guilt. See *Commonwealth* v. *Little*, 376 Mass. 233, 240 (1978); *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 51-52 (1975), and cases cited. The judge could conclude that the probative value of the testimony outweighed any collateral prejudice to the accused, especially as the testimony was controlled or kept in check by proper instructions. See *Commonwealth* v. *Montecalvo, supra.* The defendant complains that no limiting instruction was given. We observe that he failed to make any such request (see *Commonwealth* v. *Monsen,* 377 Mass. 245, 253 [1979]), but the judge nevertheless explained the precise purpose for which the evidence was being received.

(b) Testimony by the complainant about the first act of unnatural intercourse placed it about 11:30 A.M. on a given day, the defendant's birthday. At that time, the defendant swore, he was boating in company with members of his family. On cross-examination the prosecution introduced a memorandum — written by the defendant, part of a collection of papers used by him in direct examination and voluntarily furnished by the defense to the prosecution — which stated: "In the afternoon, I [and others] went to the Franklin County Boat Club in Gill." There is no dispute that the statement could be introduced to impeach, as inconsistent with the defendant's testimony; but the defendant complains again that no limiting instruction was given. Passing the point that no such instruction was sought, we may note that, as the prior inconsistent statement was made by a party, it was admissible for purposes other than impeachment.

See *Brown* v. *Metropolitan Transit Auth.*, 341 Mass. 690, 695 (1961).

5. *Closing argument.* When the prosecutor concluded his final argument, the defendant moved for a mistrial and objected specifically to three remarks. (a) The prosecutor said, "I suggest to you that Roy Leo did something with that tape," referring to the tape on which was recorded the telephone conversation between the foster sister and brother-in-law. The comment was not ungrounded in the evidence, as the defendant argues. It reflected evidence that the defendant had made an initial call to the other clergyman which was recorded on the same tape but was now missing from it.

(b) There was undisputed proof that the defendant, accused by the complainant's parents, in her presence, of having an affair with her, reacted by asking her to say whether he was circumcised and what kind of contraceptives they had used. She said, "What are you trying to do, call me a liar?" and left the room. Referring to this episode, the prosecutor remarked: "I suggest to you he treated that accusation that way because this man is so arrogant, so confident of his power . . . that he was confident it would end there. . . ." We do not follow the defendant in construing this statement as implying that the defendant was the initiator or aggressor in the affair — an irrelevance anyway.

(c) No complaint can fairly be made of the prosecution's statement that the Commonwealth had not withheld a Canadian witness from the defense, as it was a legitimate response to an imputation in the closing argument of defendant's counsel. See *Commonwealth* v. *Smith*, 342 Mass. 180 (1961).

We have examined the defendant's remaining assignments of error briefed or argued. They are without merit.

*Judgments affirmed.*