COMMONWEALTH vs. FELIX ADORNO.

Middlesex.   November 7, 1983. — December 16, 1983.

Present: GRANT, GREANEY, & SMITH, JJ.

*Practice, Criminal,* Severance.

At the trial of a defendant on nine indictments involving the same victim
and arising out of incidents alleged to have occurred on October 10,
1980, and January 8, 1981, the judge did not err in refusing to sever
the defendant's trial for the January 8, 1981, offenses from his trial for
the October 10, 1980, offenses where the judge was warranted in
viewing all the offenses as arising out of the same course of criminal
conduct and where, in the circumstances, even if there had been sepa-
rate trials, evidence of the January 8, 1981, offenses would have been
admissible at the trial of the October 10, 1980, offenses.  [253-254]

INDICTMENTS found and returned in the Superior Court
Department on February 9, 1981.

The cases were tried before *Barton, J.*

*Charles Donelan* for the defendant.

*Joseph P. Musacchio,* Assistant District Attorney, for the
Commonwealth.

SMITH, J.   The defendant was the subject of two indict-
ments for rape and separate indictments for burglary, assault
and battery, and threatening to commit a crime.   All of these
offenses were alleged to have occurred on October 10, 1980,
in Lowell. The defendant was also indicted for intimidation
of a witness, malicious destruction of personal property, un-
authorized use of a motor vehicle, and assault and battery.
These four offenses were alleged to have taken place on Jan-
uary 8, 1981, in Lowell.   All nine indictments involved the
same victim.   The indictments were tried together, over the
defendant's objection, and the defendant was convicted of
all the charges, except those that charged malicious destruc-

tion of property and intimidation of a witness.[1] On appeal, the defendant contends that the judge erred in denying his motion to sever the indictments for trial and also claims that he was denied the effective assistance of counsel at trial.

1. *The denial of the motion to sever the indictments.* Prior to trial the defendant moved to sever the trial of the January 8, 1981, indictments from the trial of the October 10, 1980, offenses. The motion was not supported by an affidavit. See Mass.R.Crim.P. 9(d)(2), 378 Mass. 860 (1979). The judge denied the motion, stating that "even if an affidavit had been filed, the court, exercising its discretion, would deny the motion." There was no error.

A trial judge is required to join charges arising out of "related offenses" for trial "unless he determines that joinder is not in the best interests of justice." Mass.R.Crim.P. 9(a)(3), 378 Mass. 859 (1979). At the hearing on the motion the judge learned from representations by the Commonwealth and from the indictments that evidence would be introduced that (1) on October 10, 1980, the defendant forcibly entered the victim's apartment, raped her twice and threatened to kill her if she reported the incidents to anyone, and (2) on January 8, 1981, after the victim had reported the October 10, 1980, incidents to the police and after the defendant had been charged, the defendant jumped into the victim's automobile, assaulted her, drove her car away, and left the vehicle in a damaged condition. The trial judge, based on the particular facts before him, see *Commonwealth* v. *Ellis*, 12 Mass. App. Ct. 612, 620 (1981), reasonably could infer that the January 8, 1981, offenses were a direct result of and motivated by the October 10, 1980, incident, especially the defendant's threat on that date that if the victim should report the incidents to anyone, he would kill her. Therefore, all the offenses with which the defendant was charged were related as they arose "out of a course of criminal conduct or series of criminal episodes connected together. . . ." Mass.R.Crim.P. 9(a)(1), 378 Mass. 859 (1979).

[1] At the close of the Commonwealth's case the judge allowed the defendant's motion for a required finding of not guilty as to those indictments.

The defendant contends that he was prejudiced by the judge's action because his denial of the severance motion permitted the "seepage . . . of evidence not otherwise admissible" against him. *Commonwealth* v. *Gallison,* 383 Mass. 659, 672 (1981). His argument fails because if there had been separate trials, evidence of the January 8, 1981, offenses would have been admissible for a number of reasons at the trial of the October 10, 1980, offenses.[2] The defendant claimed that the victim consented to the sexual intercourse, and he denied he threatened her. Therefore, evidence of the January 8, 1981, incidents would have been admissible at a separate trial of the October 10, 1980, offenses to show consciousness of guilt, *Commonwealth* v. *Leo,* 379 Mass. 34, 40-41 (1979), and also to corroborate the victim's claim that the defendant had threatened to kill her if she reported the incidents to the police. *Commonwealth* v. *King,* 387 Mass. 464, 472 (1982). The fact that the judge allowed a motion for a required finding of not guilty as to two of the indictments relating to the January 8, 1981, incident after the Commonwealth rested, is not a critical factor in determining whether there was prejudice. *Commonwealth* v. *Gallison,* 384 Mass. 184, 197 (1981) ("we do not evaluate the potential for prejudice [resulting from failure to sever] from hindsight"). The defendant has failed to sustain his burden of showing that prejudice resulted from the failure to sever. *Commonwealth* v. *Gallison,* 383 Mass. 659, 672 (1981).

2. *Denial of effective assistance of counsel.* The defendant claims that he was denied the effective assistance of counsel. We have examined the defendant's contentions in light of the record and conclude that the conduct of trial counsel did not fall "measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

*Judgments affirmed.*

[2] The defendant does not claim, on this appeal, that the admission in evidence of the October 10, 1980, offenses prejudiced him in regard to the January 8, 1981, crimes.