**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2080

NORMAN M. SILVIA,

Petitioner, Appellant,

v.

TIMOTHY HALL,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya, Lipez and Howard,

Circuit Judges.

Norman M. Silvia on Application for a Certificate of Appealability pro se.

June 10, 2003

**Per Curiam**. Norman M. Silvia seeks a certificate of appealability ("COA") to appeal from the denial of his petition filed pursuant to 28 U.S.C. § 2254. Specifically, he seeks a COA to appeal from the denial of habeas relief on the following constitutional grounds: 1) ineffective assistance of trial counsel for failure to pursue an insanity defense; 2) abuse of discretion by the Massachusetts trial court, in violation of petitioner's Sixth Amendment rights, for denying without a hearing his motion to substitute court-appointed counsel; and 3) ineffective assistance of appellate counsel for failure to assert a claim of ineffective assistance of trial counsel on petitioner's direct appeal. We address each claim separately, applying the standard for granting a COA under 28 U.S.C. § 2253(c).

I. The COA Standard

Because the district court reached the merits of petitioner's claims, a COA may issue only if the following standard is satisfied:

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, because the district court also denied the habeas petition on the alternative ground of procedural default, a COA may not issue unless petitioner can also make the following showings:

> that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

-2-

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. The Supreme Court has recently reiterated that, at the COA stage, "the court of appeals should limit its examination to a threshold inquiry into the underlying merit of [a petitioner's] claims." Miller-El v. Cockrell, __ U.S. __, 123 S.Ct. 1029, 1034 (2003).

II. Ineffective Assistance of Trial Counsel Claim

Petitioner claimed that he received ineffective assistance of counsel because his court-appointed trial attorney failed to investigate and pursue "petitioner's only realistic defense:" that because of a mental impairment he lacked criminal responsibility at the time of the offense. Under Massachusetts law, "[l]ack of criminal responsibility requires the existence of a mental disease or defect, which causes the defendant to lack the substantial capacity either to appreciate the wrongfulness of his or her acts, or to conform his or her conduct to the requirements of the law." Commonwealth v. Seabrooks, 425 Mass. 507, 515 (1997).

Applying the federal standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), the district court assessed the merits of this claim as follows:

> the record reveals that trial counsel's strategic decision not to pursue a defense of diminished capacity or mental impairment was an informed and reasonable decision. Trial counsel sought and obtained funds to hire a psychiatric expert to examine the petitioner. That expert met with petitioner several times, reviewed

petitioner's medical history, and interviewed other witnesses. Dr. Meyer concluded that, while the petitioner suffered from a mental disease, he did not lack criminal responsibility.

As the United States Court of Appeals for the First Circuit has said, "[e]ffectiveness does not require that counsel jump through every conceivable hoop or engage in futile exercises." United States v. Pellerito, 878 F.2d 1535, 1540 (1st Cir. 1985). Petitioner's trial counsel did, in fact, put on a defense, essentially arguing that the petitioner had gone to the victim's house intent on committing suicide. In the circumstances of this case, this was not ineffective assistance of counsel.

We conclude that reasonable jurists could not find the district court's assessment of this ineffective assistance of counsel claim debatable or wrong. Nothing in the record, including the affidavits of witnesses (the victim and petitioner's mother) whom petitioner faults his trial counsel for failing to interview, supports a finding that petitioner was not criminally responsible at the time of the offense. Petitioner suggests that counsel was deficient in not obtaining his medical records from psychiatric counseling and treatment he had undergone in the years leading up to the offense. However, the record reveals that those medical records were among the sources on which defendant's expert relied as did the psychologist from Bridgewater State Hospital who prepared the Aid to Sentencing Evaluation. Both reports reached conclusions about petitioner's psychological health which were incompatible with a finding that he lacked criminal responsibility. Given the dearth of evidence that petitioner had summoned to support such a defense, reasonable jurists could not debate the

district court's assessment that trial counsel's failure to pursue that defense did not constitute ineffective assistance of counsel.

III. <u>Sixth Amendment Claim for Failure to Grant Motion for Continuance and Appointment of New Trial Counsel</u>

Petitioner claimed that the trial court abused its discretion, in violation of petitioner's Sixth Amendment rights, by "fail[ing] to make adequate inquiry into petitioner's complaint that conflict between petitioner and his counsel was so great that it resulted in total lack of communication preventing adequate defense." § 2254 Petition. In denying § 2254 relief on procedural default grounds, the district court ruled as follows:

> Petitioner's remaining claim, that the trial court abused its discretion by denying petitioner's request for the appointment of new counsel before the trial is also procedurally defaulted. The Appeals Court determined that petitioner had waived this claim, and reviewed it only to determine whether the denial of the motion for new counsel created a substantial risk of miscarriage of justice.
> Petitioner has made no showing that would excuse this default. Although this court could review the defaulted claim if refusing to do so would result in a miscarriage of justice, that risk is not present in this case. The United States Court of Appeals for the First Circuit has called this an exception "seldom to be used, and explicitly tied to a showing of actual innocence." <u>Burks</u> v. <u>DuBois</u>, 55 F.3d 712, 717 (1st Cir. 1995). In this case, petitioner makes no claim of actual innocence, arguing instead that his attorney should have put forth a diminished capacity defense. This is not the type of claim that risks a miscarriage of justice, and the claim is therefore barred from collateral review by this court.

Reasonable jurists would not find it debatable whether the district court was correct in this procedural ruling. "A finding

-5-

by a state court that a defendant procedurally defaulted a claim bars federal habeas corpus relief on that claim unless that defendant as a petitioner shows either cause for the default and prejudice from the claimed violation of federal law, or that a fundamental miscarriage of justice would result if the claim is not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991)." Gunter v. Maloney, 291 F.3d 74, 78 (1st Cir. 2002).

The record reveals that Silvia first raised this claim in his motion for a new trial. The superior court held that the claim "could have been raised on appeal but [was] not" and, therefore, was waived. The Appeals Court agreed. Therefore, federal habeas corpus relief was barred unless Silvia could show cause and prejudice. However, in none of his habeas filings did Silvia even allege cause to excuse the procedural default of this claim or prejudice from the claimed Sixth Amendment violation. Nor does the record provide support for such showings. Reasonable jurists could not debate the correctness of the district court's ruling that habeas relief was precluded by the procedural default of this claim in state court.

IV. Ineffective Assistance of Appellate Counsel Claim

In this final habeas claim, petitioner faulted his newly-appointed appellate counsel for failure to raise an ineffective assistance of trial counsel claim on direct appeal and for advising him that such a claim should be raised, if at all, in a motion for

new trial following the appeal. In his COA request to this court petitioner maintains that the ineffective assistance of trial counsel claim that he wanted raised was the claim that he and his trial attorney "were embroiled in a[n] irreconcilable conflict throughout the entire proceedings." However, the record supports the district court's assumption that the claim he asked his attorney to raise on appeal was an ineffective assistance claim based on failure to pursue the defense that petitioner was not criminally responsible.

Regardless of which of these ineffective assistance claims petitioner wanted pursued, his attorney's advice that such a claim should properly be raised, if at all, in a motion for new trial was consistent with state law. Under Massachusetts law, "[a] claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction **when the factual basis of the claim appears indisputably on the trial record**." Commonwealth v. Adamides, 37 Mass.App.Ct. 339, 344 (1994)(emphasis added). Here, however, appellate counsel correctly concluded that the record before the Appeals Court contained nothing that would support petitioner's ineffective assistance of counsel claim. His advice that a viable ineffective assistance claim would have to be based upon new facts "introduced by way of affidavits accompanying a new trial motion" was consistent with applicable state law. See Commonwealth v. Burgess, 434 Mass. 307, 317 (2001). Reasonable jurists could not

debate the district court's assessment that petitioner was not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

Petitioner's request for a COA is <u>denied</u> and the appeal is <u>terminated</u>.