Timothy DUGUAY, Petitioner,

v.

Luis SPENCER, Respondent.

Civil Action No. 03–11575–NMG.

United States District Court, D. Massachusetts.

Dec. 3, 2009.

Annette C. Benedetto, Department of Attorney, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

The United States Court of Appeals for the First Circuit remanded this case for further proceedings on the issue of the alleged ineffectiveness of appellate counsel (which, according to the remand, depends on whether trial counsel provided ineffective assistance). Before the Court are that remand order and various related motions filed by Petitioner Timothy Duguay ("Duguay").

### I. *Background*

This habeas petition arises out of a first degree murder conviction returned in November, 1997 in the Massachusetts Superior Court Department for Plymouth County. Duguay was convicted of stabbing his neighbor, Robert Madera ("Madera"), with whom he had been involved in a five-year, homosexual relationship.

Since that conviction, the case has experienced a long and complex procedural history. First, Duguay appealed his conviction and the Massachusetts Supreme Judicial Court ("the SJC") affirmed the judgment in December, 1999. Duguay then began to proceed *pro se*. In May, 2000, he filed a motion for a new trial pursuant to Mass. R.Crim. P. 30(b), raising for the first time a claim of ineffective assistance of trial counsel. The state trial judge denied the motion the following month. Duguay appealed, pursuant to M.G.L. c. 278, § 33E, to a single justice of the SJC in July, 2000.

Before the SJC justice entered a decision, several other motions were filed. In May, 2001, Duguay moved for DNA testing. In June, 2001, he filed a motion to reconsider denial of his prior motion for a new trial. There, he raised for the first

time a claim that appellate counsel was ineffective for not arguing on direct appeal that trial counsel had been ineffective. Both motions were denied in July, 2001. In September, 2001, Duguay filed "renewed" motions to reconsider both adverse decisions which were again denied in May and June, 2002. On March 12, 2003, the single justice of the SJC held a hearing on Duguay's motion for leave to appeal and denied the motion that same day.

Duguay has not confined his quarrel to the judicial system. In 2002 and 2003, he wrote to an elected official regarding his request for appointment of counsel and successfully obtained a screening by the Massachusetts Committee for Public Counsel Services ("CPCS"). It declined to assign an attorney, noting that Duguay had already had three post-conviction attorneys although only one is required. In 2005, however, in light of additional forensic analysis commissioned by Duguay, CPCS began another screening of his case.

Meanwhile, Duguay filed, in August, 2003 in federal court, his petition for a writ of habeas corpus against Respondent Luis Spencer ("Spencer"). Initially, the action was stayed until October, 2005 at Duguay's request pending the resolution of state court proceedings. In early 2006, this Court denied motions to compel discovery and appoint counsel, as well as motions to reconsider which followed. On June 20, 2006, Spencer moved to dismiss the petition. This Court allowed his motion on October 31, 2006 and denied various motions by Duguay ("the October, 2006 M & O"). It subsequently denied Duguay's motion for reconsideration on April 30, 2007. Among its many findings, this Court held that Duguay's claim of ineffective assistance of appellate counsel was not exhausted in state court.

After this Court denied Duguay's motion for a certificate of appealability ("COA"),

the First Circuit Court of Appeals granted a COA on two procedural questions:

1) Whether Duguay waived his claim of ineffective assistance of trial counsel ("trial IAC") by not raising it on direct appeal to the Massachusetts SJC; and

2) Whether Duguay exhausted his claim of ineffective assistance of appellate counsel ("appellate IAC").

The First Circuit remanded the case for further proceedings. Both parties had agreed that the claim of ineffective assistance of appellate counsel was exhausted. As a result, the First Circuit remanded at Spencer's suggestion, explaining that

It strikes us that the remand suggested by respondent would be equally necessary even were the trial IAC claim waived. Viewed either as a freestanding claim or as the potential cause for any procedural default, the appellate IAC claim depends critically on whether trial counsel provided ineffective assistance. To decide that question, the habeas court must look through the derivative claim to the merits of the primary claim. In short, the waiver issue is effectively moot, as is the question whether appellate counsel was ineffective for having waived a viable claim.

The circuit court concluded that "all roads lead to a remand for further proceedings on the ineffective assistance of trial counsel claim".

On April 28, 2009, this Court issued an order for additional briefing. Respondent filed a 10–page memorandum and, after obtaining leave to file a memorandum in excess of the page limit, Duguay filed a 39–page response and various other motions.

## II. *Analysis*

In his memorandum, Duguay lists ten reasons why his trial counsel was allegedly

ineffective, including failure to call an alibi witness and failure to call Duguay to testify on his own behalf. Spencer responds to only three of those claims on the merits. With respect to four other claims, Spencer argues that they were not raised in Duguay's state court motion for a new trial in which the claim of ineffective assistance of trial counsel appeared for the first time. Spencer contends that those claims are, therefore, unexhausted. The Court is not convinced that Spencer is correct because only two of the four subject claims appear to have been raised here for the first time.

With respect to the remaining claims, Spencer has apparently chosen not to respond, arguing instead that those grounds have been waived. The Court again disagrees.

In any event, notwithstanding the parties' dispute with respect to the trial IAC claim, the Court does not reach that issue for the reasons that follow.

### A. The Claim of Ineffective Assistance of Appellate Counsel and the First Circuit's Remand Order

The First Circuit's remand order is apparently based upon the proposition that in order to decide whether appellate counsel was ineffective, this Court "must look through the derivative claim to the merits of the primary claim [i.e., to the claim of ineffective assistance of trial counsel]." That order was entered at Spencer's suggestion perhaps based upon the following logic:

1) if trial counsel was not ineffective, then appellate counsel could not have been ineffective for failing to raise a meritless claim, and

2) on the other hand, if trial counsel was ineffective, then *a fortiori*, not raising the claim on appeal would have been so egre-

gious as to have constituted ineffective assistance of appellate counsel.

The first proposition is undoubtedly true but this Court respectfully disagrees with the second. The merits of the ineffective assistance of trial counsel claim may be *relevant* to an assessment of appellate counsel's decision not to raise it but *not dispositive*.

This Court's conclusion is based upon its perception of the law on ineffective assistance of counsel and Supreme Court precedent. It is well-settled that the two-pronged *Strickland* test applies to claims of ineffective assistance of appellate counsel as well as trial counsel. *E.g., Smith v. Robbins,* 528 U.S. 259, 288–89, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Ramirez–Burgos v. United States,* 313 F.3d 23, 28 (1st Cir.2002) (applying *Strickland* to a claim of ineffective assistance of appellate counsel). To meet this standard, a defendant must prove 1) that counsel's performance was deficient and 2) that the deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To be deficient, counsel's performance must fall "below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052.

The Supreme Court has also addressed appellate counsel's obligations with respect to what arguments are to be made on appeal. In *Jones v. Barnes,* the petitioner complained that appellate counsel had not raised all of the non-frivolous arguments on appeal that he had proposed, including a claim of ineffective assistance of trial counsel. 463 U.S. 745, 750, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The Court held that the Constitution does not require appellate counsel to raise all non-frivolous arguments. Indeed, such a requirement would

disserve the very goal of vigorous and effective advocacy [because a lawyer's ability to] winnow[ ] out weaker arguments on appeal and focus[ ] on one central issue if possible, or at most a few key issues [is critical].

*Id.* at 751–52, 754, 103 S.Ct. 3308. *See also Pagan v. Dickhaut*, 578 F.Supp.2d 343, 359 (D.Mass.2008) ("[Appellate] counsel who selects the best claims to maximize the likelihood of their success on the merits is not considered ineffective."); *Rodriguez–Santana v. United States*, No. 04–cv–1218 (SEC), 2006 WL 2471515, at *6–7 (D.P.R. Aug. 24, 2006) (applying *Strickland* to reject a claim that appellate counsel was ineffective for not raising a claim of ineffective assistance of trial counsel who, *inter alia*, did not present an alibi witness).

■ Based upon cited precedent, this Court concludes that it is unnecessary to address the merits of the underlying claim of ineffective assistance of trial counsel in order to determine the effectiveness of appellate counsel. Instead, a straightforward application of *Strickland* and *Jones* disposes of the issue because appellate counsel was not required to raise the trial IAC claim on direct appeal and not doing so was entirely reasonable for the following reasons:

1) Duguay concedes that his appellate counsel chose not to pursue the trial IAC claim because, in part, he believed that the insufficiency of the evidence claim "should get [Duguay] a reversal on its own," i.e., he chose to focus the court's attention on what he believed was the most powerful appellate argument, just as *Jones* holds that he properly may.

2) Ineffective assistance of counsel claims are inherently difficult to prove and thus appellate counsel, acting entirely within reason, may have thought that the court's attention was best directed away from an argument that rarely succeeds.

3) Whether appellate counsel was even allowed to raise a claim of ineffective assistance of trial counsel on direct appeal in the first instance is unclear under Massachusetts law and therefore appellate counsel's decision not to pursue it was not unreasonable. *See Silvia v. Hall*, 71 Fed. Appx. 853 (1st Cir.2003) (finding appellate counsel was not ineffective for failing to raise ineffective assistance of trial counsel claim on direct appeal because such claims are allowed only "when the factual basis of the claim appears indisputably on the trial record" and not where affidavits and new facts are needed).

Thus, without "look[ing] through the derivative claim to the merits of the primary claim", as the remand order instructs, the Court finds that appellate counsel was not ineffective.

### B. The Effect of this Holding

■ The remand order states that the appellate IAC claim is relevant both as "a freestanding claim or as the potential cause for any procedural default." That is because, in the October, 2006 M & O, this Court mistakenly determined that the appellate IAC claim was unexhausted and thus declined to consider that claim as relevant either on its own or in the context of procedural default. With respect to procedural default, "one factor accepted as cause [for a default] is ineffective assistance of counsel at a level which violates the Sixth Amendment." *Gunter v. Maloney*, 291 F.3d 74, 81 (1st Cir.2002). Because the claim of appellate IAC was found to be unexhausted, however, petitioner was unable to argue that the alleged ineffective representation was sufficient cause to excuse a procedural default. *Duguay v. Spencer*, 462 F.Supp.2d 115, 126–28 (D.Mass.2006). Similarly, this Court de-

clined to consider petitioner's claim of ineffective appellate counsel as freestanding because it was thought to be unexhausted. *Id.*

By mandate, this Court has been instructed that the appellate IAC claim was exhausted and it has, therefore, considered that claim on the merits and held that counsel was not constitutionally ineffective for failing to raise the trial IAC claim on direct appeal. Two implications follow: 1) Duguay's appellate IAC claim fails as a freestanding claim and 2) the conduct of appellate counsel does not give cause to excuse a procedural default because it did not violate the Sixth Amendment. *Gunter*, 291 F.3d at 81.

■ Whether this Court's supplemental ruling effectively dismisses the case, however, is unclear. With respect to the issue of waiver, the parties' memoranda to the First Circuit addressed Massachusetts law with respect to when a claim for ineffective assistance of trial counsel must first be brought. That issue was not, however, presented to this Court before its October, 2006 M & O or on remand and, as such, this Court declines to consider it now.

## C. The Mandate Rule

■ In conclusion, the Court respectfully notes that its decision to proceed without considering the merits of petitioner's claim of ineffective assistance of trial counsel as mandated is made only after careful circumspection. The Court is well aware of the so-called "mandate rule", a specific application of the law of the case doctrine, which "generally requir[es] conformity with the commands of a superior court on remand." *United States v. Bell*, 988 F.2d 247, 251 (1st Cir.1993). The Court is also cognizant, however, that the First Circuit has held that the rule may

tolerate a modicum of residual flexibility in exceptional circumstances ... that

would warrant the court below in peering behind [the circuit court's] original mandate.

*Id.* at 251 & n. 2.

The Court suggests that its decision not to consider the merits of the trial IAC claim does not contravene the mandate rule for two reasons.

1) The ruling with respect to Duguay's claim of ineffective assistance of appellate counsel is made pursuant to what this Court discerns as sound Supreme Court precedent. That is compelling to this Court and arguably qualifies as an "exceptional circumstance" under *Bell*.

2) The Court's ruling broadly complies with the remand order which emanated from this Court's mistaken determination that the claim of ineffective assistance of appellate counsel was not exhausted. Both parties agreed that it was exhausted and because that issue was relevant to both certified questions, the claim needed to be decided on the merits. The more specific mandate was that, in order to decide the appellate IAC issue on the merits, this Court had to decide the merits of the trial IAC claim. Although the Court has explained its reasons for respectfully disagreeing with the more specific instruction, its holding that appellate counsel was not unconstitutionally ineffective addresses the ultimate purpose of the mandate.

## D. Duguay's Additional Motions

After this Court ordered supplemental briefing, Duguay also filed motions 1) for an evidentiary hearing and to appoint counsel, 2) for an expansion of the record, 3) for a writ of habeas corpus, 4) for DNA testing and 5) to produce case documents. Duguay filed analogous motions previously in this Court which were denied in the October, 2006 M & O. Because these repetitive motions are irrelevant to the pend-

ing mandate, they will be denied as moot and for the same reasons set forth in the October, 2006 M & O.

## ORDER

In accordance with the foregoing, the Court holds that Duguay's appellate counsel was not unconstitutionally ineffective and, therefore, Duguay's appellate IAC claim fails on its own and cannot establish cause to excuse a procedural default. The remainder of petitioner's pending motions (Docket Nos. 130, 132, 134–136) are **DE-NIED.**

**So ordered.**