## Commonwealth vs. Jesse Williams.

Suffolk.   October 9, 1979. — February 26, 1980.

Present: Hennessey, C.J., Braucher, Kaplan, Wilkins, & Liacos, JJ.

*Constitutional Law*, Public trial.

Where a defendant charged with rape of a child under sixteen years of age
made no suggestion that the judge's order closing the trial to the public
should be in effect only during the testimony of the minor victims and
the record did not show whether the public was excluded after the
minor victims had testified, this court remanded the case for determi-
nation of the extent to which the trial was closed and for consideration
whether the defendant had waived his right to a public trial. [875-
876] Braucher, J., dissenting.

Indictments found and returned in the Superior Court
on February 17, 1978.

The cases were tried before *Jablonski*, J., a District Court
judge sitting under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Hugh W. Samson* for the defendant.

*Brian J. Dobie*, Special Assistant District Attorney, for
the Commonwealth.

Wilkins, J.   The defendant was convicted on four counts
of rape of a child under sixteen years of age.   In this appeal,
he argues that he was denied his right to a public trial under
the Sixth Amendment to the Constitution of the United
States because the judge excluded the public from his entire
trial.

The defendant and the Commonwealth appear to agree
on the extent of the defendant's right to a public trial in the
circumstances.   The defendant concedes that his rights were
not infringed unconstitutionally by the closing of the trial to
the public during the testimony of the thirteen-year-old vic-

tims. The Commonwealth, in turn, concedes that the defendant had a constitutional right to have the balance of his trial open to the public. The record, including the transcript of the trial, does not show whether the public was excluded from the entire trial.

Before any evidence was introduced, out of the presence of the jury but apparently in open court in the defendant's presence, the prosecutor asked for a closed hearing at the request of the minor witnesses. Counsel for the defendant requested an open hearing. From the discussion with the judge, it appears that legal interns in the district attorney's office and relatives of the defendant were to be permitted in the courtroom. The judge told defense counsel that he could put on the record why he thought the hearing should be open. Defense counsel simply took an exception to the judge's ruling, although at that point the judge had in fact made no ruling. When offered a further opportunity to state his reasons, defense counsel stated that "the defendant is entitled to an open hearing to face these accusations." The prosecutor referred to the witnesses' indication of "a certain amount of embarrassment." The judge then said, "All right. We'll close it." The defendant claimed an exception.

At no time did defense counsel argue that the trial should be closed only during the testimony of the minor victims. When the victims finished testifying as the Commonwealth's first two witnesses, the defendant did not move that the public then be permitted into the courtroom. As we have noted, we do not know whether in fact the public was excluded from the courtroom thereafter.[1] No express mention was made of any constitutional rights. No reference was made at any time to G. L. c. 278, § 16A, which concerns the exclusion of "the general public from the court room" where the trial involves a rape in which the victim is a minor.

The burden is clearly on the defendant to demonstrate that the public was excluded from his trial after the minor

---

[1] After the minors testified, a police officer testified for the Commonwealth, and the defendant and a codefendant testified in their defense.

victims testified. We agree with the defendant that he need not demonstrate that he was prejudiced by the closing of the balance of his trial. *Commonwealth* v. *Marshall*, 356 Mass. 432, 435 (1969).

Without acknowledging the soundness or the effect, if any, of the Commonwealth's concession that the defendant was entitled constitutionally to have his trial public, apart from the minor victims' testimony,[2] we conclude that the defendant has not demonstrated that his trial was impermissibly closed. The case must be remanded for a determination of the extent to which his trial was closed to the public, and, if it was, for consideration whether the defendant properly waived his right to a public trial, through his actions or the actions of his counsel. Consideration can be given to (a) the extent to which, if at all, the defendant's constitutional right to a public trial was waived by what may have been a trial tactic of counsel in this case, and (b) the extent, if any, of the defendant's understanding of his right to a public trial or of his waiver of that right. See *Martineau* v. *Perrin*, 601 F.2d 1196, 1200 (1st Cir. 1979); *United States ex rel. Bruno* v. *Herold*, 408 F.2d 125, 128-129 (2d Cir. 1969), cert. denied, 397 U.S. 957 (1970). Cf. *Levine* v. *United States*, 362 U.S. 610, 619 (1960).

The proceedings are remanded to the Superior Court for further consideration in light of this opinion.

*So ordered.*

BRAUCHER, J. (dissenting). Pursuant to G. L. c. 278, § 16A, the Commonwealth moved for a closed hearing at the request of the minor victim-witnesses at a rape trial.

---

[2] Our opinion in *Globe Newspaper Co.* v. *Superior Court*, ante 846 (1980), released today, discusses the question of the closing of all or portions of a trial of this character. In terms of our discussion there, which, of course, the Commonwealth could not have anticipated, the concession may simply be an acknowledgment that there were no special circumstances justifying the closing of any part of the trial after the minors testified.

The defendant did not take advantage of the judge's invitation to state reasons for his objection, stating only that he was entitled to an "open hearing." He claimed an exception, but made no suggestion that the trial should be open while witnesses other than the minor victims were testifying, and he took no steps to have the record show whether the public was excluded while other witnesses were testifying. It is thus apparent that his present contention is an afterthought never presented to the trial judge. Thus the error he claims is not properly before us, and it is not a proper basis for reversal or remand.

I recognize that it is within our power to take corrective action on the basis of an error not properly presented to us, if there is a substantial risk of a miscarriage of justice, particularly if the error is of constitutional dimension. But under the court's opinion in *Globe Newspaper Co.* v. *Superior Court, supra*, any error consisted merely of a misinterpretation of the statute, or, conceivably, an abuse of the judge's discretion to order closure. In any event, there is not the slightest suggestion that any such error had any bearing on the determination of the innocence or guilt of the defendant.

I would affirm the convictions.