COMMONWEALTH vs. DAVID ADAMIDES.

No. 93-P-1688.

Bristol. June 17, 1994. - September 27, 1994.

Present: WARNER, C.J., DREBEN, & FINE, JJ.

*Constitutional Law*, Public trial, Freedom of speech and press, Assistance
of counsel. *Practice, Criminal*, Public trial, Instructions to jury, Assis-
tance of counsel. *Evidence*, Hearsay, Relevancy and materiality, Prior
misconduct.


No substantial risk of a miscarriage of justice appeared at a criminal trial
by reason of the defendant's having validly waived his right to a public
trial under the Sixth Amendment to the United States Constitution.
[340-341]
At the trial of a complaint for indecent assault and battery on a child
under the age of fourteen, the judge properly within his discretion de-
clined to grant defense counsel's motion for a mistrial based on the ad-
mission in evidence of an inadmissible and prejudicial allegation of a
similar but unrelated incident of sexual misconduct by the defendant,
where the judge thereupon struck the evidence and gave the jury a
forceful instruction to disregard it. [341-344]
Claims of ineffective assistance of counsel were inappropriately asserted by
a defendant on appeal from his conviction where there was insufficient
factual basis in the record for appellate review; such claims should be
raised by way of a motion for new trial. [344-345]
A criminal defendant did not demonstrate that his counsel gave him inef-
fective assistance by permitting the defendant to waive his right to a
public trial, where no substantial risk of a miscarriage of justice was
shown as a result of such waiver. [345]


COMPLAINT received and sworn to in the New Bedford Di-
vision of the District Court Department on September 12,
1990.

On transfer to the jury session of the Fall River Division,
the case was tried before *Robert L. Anderson*, J.

*Russell J. Redgate* for the defendant.

*Elspeth B. Cypher*, Assistant District Attorney, for the
Commonwealth.

WARNER, C.J. The defendant was convicted by a District Court jury of six of indecent assault and battery on a child under the age of fourteen. G. L. c. 265, § 13B. He argues for reversal of this conviction on three grounds: (1) that the closure of his trial violated the public trial guarantees of the Federal Constitution; (2) that the judge abused his discretion in denying the defendant's motion for a mistrial after the prosecutor elicited testimony that was both inadmissible and prejudicial; and (3) that the assistance rendered the defendant by his trial counsel was constitutionally defective.

1. *Right to public trial.* The District Court judge ordered the trial closed to the general public after securing the defendant's explicit consent.[1] The Sixth Amendment to the United States Constitution provides in pertinent part that "the accused shall enjoy the right to a speedy and public trial," and this mandate is made applicable to State prosecutions by the Fourteenth Amendment. See *Waller* v. *Georgia*, 467 U.S. 39 (1984). Members of the general public also possess a right of access to criminal trials, secured by the First Amendment. *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555 (1980). *Globe Newspaper Co.* v. *Superior Ct.*, 457 U.S. 596, 603 (1982). Accordingly, a criminal trial may be closed over the objection of the defendant, or of any member

---

[1]The defendant's brief raised the possibility that his consent had been extracted in exchange for a promise of leniency in sentencing. Consent obtained in that manner might not constitute a valid waiver of the defendant's Sixth Amendment right to a public trial. Such a waiver must be knowing, intelligent and voluntary. See *Commonwealth* v. *Williams*, 379 Mass. 874, 876 (1980), citing with approval *Martineau* v. *Perrin*, 601 F.2d 1196, 1200 (1st Cir. 1979). In other contexts, a specific offer of leniency has been held to be too strong an inducement and to make the defendant's subsequent waiver of a constitutional right involuntary. See, e.g., *Commonwealth* v. *Meehan*, 377 Mass. 552, 564 (1979), cert. dismissed, 445 U.S. 39 (1980) (police cannot specifically promise leniency in order to obtain confession).

The record before us, however, is insufficient to confirm or refute that any inducement was offered to the defendant; he may have acquiesced in the closure for reasons of his own. In any event, since the validity of the waiver below was conceded at oral argument in this court, we need not decide the point. See, e.g., *Commonwealth* v. *Ruci*, 409 Mass. 94, 96 n.3 (1991).

of the general public, only if the judge finds that an "overriding interest" is "likely to be prejudiced" by an open trial, and the closure is narrowly tailored to the protection of that interest. *Commonwealth* v. *Martin*, 417 Mass. 187, 193-194 (1994), quoting from *Waller* v. *Georgia*, 467 U.S. at 48. The judge below relied on the defendant's consent in closing the trial and indicated that he had not made the findings necessary to close the trial over objection.

Although the defendant concedes that he validly waived his Sixth Amendment right to openness, see *Commonwealth* v. *Wells*, 360 Mass. 846 (1971); *Commonwealth* v. *Williams*, 379 Mass. 874, 876 (1980), he argues that his conviction should nevertheless be reversed, because the First Amendment rights of the press and public were infringed by the closure order. No case has been called to our attention in support of the proposition that a criminal defendant has standing to raise the First Amendment rights of members of the press or the public excluded from his trial.[2] Even assuming that the defendant had such standing, the fact remains that he chose not to raise any First Amendment objection at trial. Having waived his right to insist on a public trial — whether on First Amendment or Sixth Amendment grounds — he cannot be heard to complain on appeal, unless he can show that the closure created a substantial likelihood of a miscarriage of justice. See, e.g., *Commonwealth* v. *Curtis*, 417 Mass. 619, 623 (1994). Adamides has not asserted that any such risk was created, nor does one appear.

2. *Denial of motion for mistrial.* Two young boys, both friends of the victim, testified for the defendant at trial. The mother of those two witnesses also testified for the defense. After the defense rested, the prosecutor recalled the investigating police officer, Anthony Reese, in order to impeach the mother by contradicting her assertion that the officer had

[2]At least in Federal courts, it appears to be the rule that a litigant may assert the rights of a third party only if there exists "some hindrance to the third party's ability to protect his or her own interests." *Powers* v. *Ohio*, 499 U.S. 400, 411 (1991). See also *Singleton* v. *Wulff*, 428 U.S. 106, 115-116 (1976) (plurality opinion); *id.* at 126-127 (Powell, J., concurring in part, and dissenting in part).

never interviewed her sons. After Officer Reese testified that he had indeed interviewed one of the sons in the mother's presence, the prosecutor went on to ask: "What was the nature of that interview with [the son]?" The officer replied: "I interviewed him and advised him about the incident that went on with Mr. Adamides, and he stated to me that Mr. Adamides touched him on the behind and nowhere else." At no point during the question and answer did defense counsel object, nor did he immediately move to strike the testimony. Rather, after the Commonwealth had rested and the jury had been dismissed for the night, counsel moved for a mistrial. The following morning, before the closing arguments, the judge denied the mistrial motion, but struck the testimony and gave a forceful curative instruction.[3]

Reese's statement about what the child told him was inadmissible hearsay. In addition, the answer was no more than marginally relevant, if at all, to any issue in the case and, because it alleged a similar but unrelated incident of sexual misconduct by the defendant, was inadmissible due to the likelihood of undue prejudice. *Commonwealth* v. *Welcome*, 348 Mass. 68, 70 (1964). *Commonwealth* v. *Montanino*, 409 Mass. 500, 505-507 (1991). See also *Commonwealth* v.

---

[3]The judge instructed that the testimony that an interview took place between Officer Reese and the son would remain on the record. "However, with regard to any comments that [the son] might or might not have made to the officer, I'm ordering that testimony stricken. You may not even remember it, and you will not only disregard it as far as the merits of the case are concerned, you will not even discuss it with regard to any comments that might have been made at that time." He further admonished the jurors to "bear in mind you're to decide the case only on the evidence that does remain in the case, and conscientiously follow the Court's instructions in that regard."

The defendant has not argued that the lapse of time between the testimony and the curative instruction undercut the instruction's curative effect. Compare *Commonwealth* v. *Cunneen*, 389 Mass. 216, 224 (1983) (considering promptness of curative instructions in assessing prejudice to defendant); *Commonwealth* v. *Gallagher*, 408 Mass. 510, 518 (1990) (same); *Commonwealth* v. *Mayo*, 21 Mass. App. Ct. 212, 220 (1985) (same). We note that this delay was solely attributable to defense counsel, who made a tactical decision to object only after the jury had been dismissed, so as not to highlight the improper testimony.

*Sapoznik*, 28 Mass. App. Ct. 236, 244 (1990). The judge thus acted properly in striking the testimony.

The question remains whether the judge abused his discretion in denying the mistrial motion and relying instead on a curative instruction. Ordinarily, such a remedy is sufficient, as we presume that jurors follow the instructions given. *Commonwealth* v. *Cunneen*, 389 Mass. 216, 223-224 (1983). *Commonwealth* v. *Amirault*, 404 Mass. 221, 232 (1989). *Commonwealth* v. *Lanning*, 32 Mass. App. Ct. 279, 284 (1992). Curative instructions may not be adequate if inadmissible evidence of an inflammatory nature has been repeated or reemphasized — for example, by argument in the prosecutor's closing. See *Commonwealth* v. *Burke*, 373 Mass. 569, 574-577 (1977), and contrast *Commonwealth* v. *Cunneen*, 389 Mass. at 223 (lack of repetition significant in finding that denial of mistrial lay within judge's discretion); *Commonwealth* v. *Gallagher*, 408 Mass. 510, 517-518 (1990) (same); *Commonwealth* v. *Olivares*, 30 Mass. App. Ct. 596, 601-602 (1991) (same).

The impermissible implication typically created by "bad character" evidence is particularly pronounced in the context of a prosecution for child molestation. See *Commonwealth* v. *Montanino*, 409 Mass. at 506-507 & n.5; *Commonwealth* v. *LaSota*, 29 Mass. App. Ct. 15, 27 (1990). Cf. *Commonwealth* v. *Day*, 409 Mass. 719, 723 (1991). However, Officer Reese's account of the interview was not repeated to the jury, either in evidence or in the arguments. Even in delivering his curative instruction, the judge — apparently mindful that the jurors might not have heard or understood the testimony — took special care to avoid recapitulating the substance of the interview, and he forbade discussion of the topic in the jury room.[4] Discretion in deciding upon motions for mistrial is vested in the trial judge because, among other things, he or she is in a better position than are we to assess the actual impact of particular testimony on the jury. See *Commonwealth* v. *Denson*, 16 Mass. App. Ct. 678, 681-682 (1983).

---

[4]See note 3, *supra*. In this respect, the instruction was particularly well tailored to avert the prejudicial effect of the struck testimony.

In these circumstances, we cannot say the judge abused that discretion.

3. *Ineffective assistance of counsel.* The defendant complains of numerous shortcomings on the part of his attorney at trial, which, he asserts, deprived him of his constitutional right to effective assistance of counsel. The deficiencies complained of range from pretrial procedure (counsel's failure to move to suppress evidence seized in a search of the defendant's house) to the conduct of the trial (counsel's choice of which witnesses to call and what lines of questioning to pursue). In order to obtain a new trial, the defendant must show (1) "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," that (2) "likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). See also *Strickland* v. *Washington*, 466 U.S. 668, 687 (1984) (performance of counsel must be deficient in such a way as to materially prejudice the defense).

A claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction when the factual basis of the claim appears indisputably on the trial record. See *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. 551 (1986) (conviction reversed); *Commonwealth* v. *Williams*, 25 Mass. App. Ct. 210, 213-216 (1987) (convictions affirmed); *Commonwealth* v. *Williams*, 30 Mass. App. Ct. 543 (1991) (conviction affirmed). But when the trial record provides an insufficient factual basis for appellate review, the claim of ineffective assistance is "best left for resolution in the first instance by the trial judge on a motion for new trial." *Gibney* v. *Commonwealth*, 375 Mass. 146, 148 (1978). See also *Commonwealth* v. *Cross*, 4 Mass. App. Ct. 54, 57 (1976); *Commonwealth* v. *LeBlanc*, 11 Mass. App. Ct. 960, 962-963 (1981). Such is the case with regard to most of the inadequacies asserted here. For instance, the claim that trial counsel ought to have called certain witnesses, but did not, cannot be resolved without some evidence bearing on the testimony that those witnesses would likely have provided. See, e.g., *Commonwealth* v. *Aviles*, 31 Mass. App. Ct. 244, 248 (1991) (or-

dering evidentiary hearing after defendant, by affidavit, made facial showing of ineffective assistance). Similarly, with regard to counsel's failure to file a motion to suppress, the record does not describe the circumstances of the search sufficiently to permit a conclusion as to the motion's probability of success. See *Commonwealth* v. *LeBlanc*, *supra*. Compare *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983); *Commonwealth* v. *Lee*, 32 Mass. App. Ct. 85, 85-86 (1992). Such facts as these are critical to the determination whether "better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977).

One action of counsel of which Adamides complains may be disposed of on the present record. The defendant argues that it was ineffective assistance for counsel to permit him to waive his right to a public trial. We concluded above that that waiver did not result in a substantial risk of a miscarriage of justice, since there is no particular reason to believe that the presence of observers would have affected the outcome of the trial in this case. "[I]f an omission of counsel does not present a substantial risk of a miscarriage of justice . . ., there is no basis for an ineffective assistance of counsel claim under either the Federal or the State Constitutions." *Commonwealth* v. *Curtis*, 417 Mass. at 625 n.4.

The judgment is affirmed. The defendant may present his claim of ineffective assistance of counsel, on grounds other than counsel's acquiescence in the closure of his trial, by way of a motion for new trial.

*So ordered.*