## COMMONWEALTH *VS.* DWAYNE HEAD.

No. 98-P-1815.

Norfolk. February 7, 2000. - June 22, 2000.

Present: LAURENCE, SMITH, & GILLERMAN, JJ.

*Practice, Criminal,* Record, Transcript of hearing, Motion in limine, Instructions to jury, Assistance of counsel.

At the trial of a complaint for operating a motor vehicle while under the influence of liquor, there was no demonstrated error in the judge's findings and conclusions that Brookline police made a lawful stop of the defendant's vehicle in Boston after fresh pursuit [492-493], and that a liquor bottle found in the defendant's car was admissible in evidence [493].

A criminal defendant waived any appellate issue with respect to a jury instruction that he had expressly requested the judge to give. [493-494]

No factual basis appeared on the record of a criminal trial to support the defendant's assertion on appeal that his trial counsel rendered ineffective assistance. [495]

COMPLAINT received and sworn to in the Brookline Division of the District Court Department on December 9, 1996.

The case was tried before *Robert L. Anderson, J.*

*Robert D. Dimler* for the defendant.

*Tracey A. Cusick,* Assistant District Attorney, for the Commonwealth.

LAURENCE, J. The defendant challenges his conviction by a Brookline District Court jury for operating a motor vehicle while under the influence of liquor (G. L. c. 90, § 24[1][*a*][1]).[1] We see no merit in any of his arguments.

1. The defendant has failed to present an adequate record for reviewing his claim that the judge below erred in denying his "motion to dismiss [for] lack of jurisdiction" on the ground that

[1]The defendant's additional conviction for failure to stop for police (G. L. c. 90, § 25) and a verdict of responsible for the civil infraction of failure to stop/yield, all arising out of the same incident, were filed with the defendant's consent.

the Brookline police performed an invalid extraterritorial stop and arrest in Boston just over the Brookline border.[2] In particular, we have no transcript of the hearing. The motion judge's findings of fact and conclusions of law upholding the validity of the stop and arrest have not been shown to be erroneous on this record. To the contrary, the evidence relied on by the judge reflects an arrestable criminal violation occurring, and observed by the Brookline police, in Brookline. The defendant failed to stop for a Brookline police officer after the officer observed the defendant driving through a red light without stopping, activated his cruiser's lights and siren, and signaled the defendant to pull over.[3] The officer commenced lawful fresh pursuit in Brookline thereafter (see G. L. c. 41, § 98A), culminating in the arrest when the defendant finally stopped just across the line in Boston.

2. The defendant's pretrial motion in limine (to exclude reference to a liquor bottle seized by the police from the defendant's car after the arrest) was correctly denied on the bases of its untimeliness (see Dist./Mun.Cts.R.Crim.P. 6[a][2] [1996]) as well as the prior adjudication of the validity of the extraterritorial stop and arrest.[4]

3. The defendant knowingly and voluntarily waived his right to attack on appeal the judge's instruction admonishing the jury not to draw any inference from the absence of a breathalyzer test. His counsel expressly requested such an instruction at trial, and the defendant personally participated in the side bar col-

---

[2]The incident occurred in 1996, before the enactment of St. 1998, c. 212.

[3]This evidence also established that the defendant committed the arrestable offense of driving to endanger in Brookline.

[4]The defendant has provided nothing to show that the judge erred on the basis of the information before him. The same argument was again made at the close of the Commonwealth's case, on the basis of supposed "inferences" drawn by defendant's counsel from the videotape of the defendant's booking, introduced at trial, that the police had actually arrested him for operating under the influence but later realized the jurisdictional problem and only informed the defendant at booking that he was being charged with failure to stop for an officer. Based upon the arresting officer's testimony at trial, we see no error in the judge's refusing to draw such inferences and continuing to reject the defendant's claim of an invalid extraterritorial arrest. The defendant's reliance on *Commonwealth* v. *LeBlanc*, 407 Mass. 70 (1990), and *Commonwealth* v. *Zorrilla*, 38 Mass. App. Ct. 77 (1995), as legal authority for his invalid arrest argument is unavailing, since those cases involved extraterritorial stops for purely civil infractions.

loquy regarding that instruction which followed.[5] He may not try his case on one theory and then obtain appellate review on a theory not advanced below. *Commonwealth* v. *Lazarovich*, 410 Mass. 466, 476 (1991). *Commonwealth* v. *Olson*, 24 Mass. App. Ct. 539, 544 (1987). Cf. *Commonwealth* v. *Burnett*, 428 Mass. 469, 475 (1998) ("[E]ven structural error is subject to the doctrine of waiver"). Counsel's decision to request the instruction was concededly strategic — responding to the fact that the jury had seen a videotape of the defendant's booking that included references to a breath test. It was not, therefore, manifestly unreasonable and could not have created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Bart B.*, 424 Mass. 911, 914 (1997).

---

[5]Although the Commonwealth asserts that the Supreme Judicial Court in *Commonwealth* v. *Zevitas*, 418 Mass. 677 (1994) (which declared unconstitutional the statute mandating such an instruction as a violation of the privilege against self-incrimination), did not limit a defendant's right to request such an instruction, it has provided us with no pertinent authority to support its contention that the judge would have erred in refusing to grant such a request. It would appear to us that, in the absence of the defendant himself requesting the instruction and explicitly acknowledging that he was thereby waiving his privilege against self-incrimination, a judge should not give such an instruction. See *Commonwealth* v. *Taylor*, 374 Mass. 426, 436 (1978). But see *Commonwealth* v. *Amirault*, 424 Mass. 618, 651 n.23 (1997) (indicating reluctance to add new rights to the "very short list of rights . . . that must be waived personally by a defendant and cannot be waived by his counsel").

Here, however, the colloquy regarding the requested instruction, which actively involved the defendant, essentially satisfied those conditions. The judge in particular emphasized to the defendant his "absolute rights" to refuse to take a breathalyzer test and not to have such refusal mentioned "in any way" at the trial and told him to think the matter over carefully. In addition, the judge asked the very sort of questions regarding the defendant's competence (age, schooling, freedom from alcohol, drugs or medications, understanding of the questions, absence of promises or pressures) as would characterize a plea colloquy. Upon receiving direct responses to the questions manifesting the defendant's awareness of the situation and voluntary acquiescence in his counsel's request, the judge inquired of defense counsel (still in the defendant's presence) if counsel knew of any factor that would impair the defendant's "ability to make a knowing, free and voluntary waiver of this right," to which counsel replied "Absolutely not." The judge then gave the defendant "a full chance to speak to his counsel" about the matter and provide a final answer after the luncheon recess. At that time, still out of the jury's presence, the defendant, through counsel, informed the judge that he "would like that instruction." The judge then read the precise instruction he proposed (apparently from the statute at issue in *Zevitas*), to which defense counsel assented.

4. There is nothing to the defendant's assertion that his trial counsel's assistance was constitutionally ineffective, because the record before us does not indisputably present the factual bases for such a claim. See *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994). The contention that counsel was unprepared is in fact belied by the record, which reveals only a scheduling problem satisfactorily resolved without prejudice to the defendant. His argument that counsel failed to impeach police witnesses is legally insufficient (see *Commonwealth* v. *Bart B.*, 424 Mass. at 915-916) and fails to demonstrate how lack of "better" cross-examination materially weakened his defense or made a difference in the outcome (see *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 [1977]; *Commonwealth* v. *Anderson*, 398 Mass. 838, 839 [1986]). Finally, his complaint about counsel's request for an "absence of breathalyzer" instruction does not, as noted *supra*, give rise to a viable ineffective assistance of counsel claim.

*Judgment affirmed.*