After a jury trial in the District Court, the defendant was convicted of assault and battery on his stepson during a domestic dispute between the defendant and the stepson's mother. On appeal, the defendant claims his trial counsel was ineffective for failing to request a jury instruction on intoxication. We affirm.
Discussion. To establish ineffective assistance of counsel, the defendant must show that (1) counsel's performance fell measurably below that of reasonably competent counsel and that (2) such deficiency "deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Where, as here, the claim of ineffective assistance of counsel was first raised on direct appeal of the judgment, it may be resolved only "when the factual basis of the claim appears indisputably on the trial record." Commonwealth v. Zinser, 446 Mass. 807, 811 (2006), quoting from Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).
Here, even if the basis for failing to request a voluntary intoxication instruction appeared indisputably on the record, a question we need not reach, the ineffective assistance claim is unavailing. Voluntary intoxication is not a defense to a general intent crime. Commonwealth v. Blake, 409 Mass. 146, 155 (1991). Because assault and battery is a general intent crime, Commonwealth v. Appleby, 380 Mass. 296, 307 (1980), a voluntary intoxication instruction would not have been given even if requested. There is no suggestion on the trial record that any intoxication was involuntary. Thus, even if the defendant had raised the issue with the trial judge in a motion for new trial, the failure to request a jury instruction to which he was not entitled was not ineffective assistance.
Judgment affirmed.