The defendant appeals after he was convicted, after a jury trial, of indecent assault and battery on a child under the age of fourteen, see G. L. c. 265, § 13B, and two counts of assault and battery, see G. L. c. 265, § 13A.[2] He makes three arguments on appeal: (1) the judge abused his discretion in allowing testimony concerning the defendant's drinking habit, which the defendant characterizes as improper character evidence; (2) trial counsel was ineffective for failing to request instructions on general intent and accidental touching; and (3) the admission of multiple complaint testimony violated the first complaint doctrine, resulting in a substantial risk of a miscarriage of justice. We affirm.
The events underlying the charges occurred when the victim visited the defendant, who is her father, at his then-girl friend's house. After an afternoon during which the defendant was observed drinking and playing roughly with one of the other children, the victim watched a movie with the defendant in the bedroom. The defendant fell asleep a few minutes later and began to snore. The victim too fell asleep, but later awoke to the find the defendant biting her forehead and touching her "privates." Her screams woke the household, she recounted what had occurred to the defendant's girl friend (who testified at trial as the first complaint witness), and the victim was taken to the police, who photographed the bite marks. The defense was built on the defendant's testimony that he had a drinking problem, was asleep at the time, and had no knowledge of what occurred.
The defendant first argues that evidence of his drinking history and habits should have been excluded because it amounted to impermissible character evidence. "The long-standing rule is that 'the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose.' " Commonwealth v. McClendon, 39 Mass. App. Ct. 122, 127-128 (1995), quoting from Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). "Such other relevant purposes include intent, knowledge, state of mind, identity, motive, pattern of conduct, common scheme, or absence of mistake or accident." Id. at 128. If the evidence "has probative value, the trial judge in his discretion must decide if such evidence is admissible by determining whether its probative value outweighs the risk of undue prejudice." Ibid. A judge's decision to admit evidence of prior bad acts is reviewed for abuse of discretion. Commonwealth v. Sharpe, 454 Mass. 135, 143 (2009).
We discern no abuse of discretion here. Although ample evidence of the defendant's drinking pattern, frequency, and habit was introduced, it came in through both sides. Indeed, the evidence was as central to the defense as it was to the prosecution. The defendant's case rose and fell on whether the jury believed his testimony that he was so profoundly asleep that he had no idea what he did-a defense that became more plausible when combined with the evidence that the defendant had drunk a significant amount of alcohol in the hours leading up to the crimes.
Similarly, there was no error in permitting testimony that the defendant, earlier on the day in question, had pushed the victim and bitten one of the other children. The evidence bore on the defendant's intent, particularly given the similarity between the events. See Commonwealth v. Harvey, 397 Mass. 803, 809 (1986) ("When a prior criminal act is relied upon to prove intent or knowledge, similarity between the two events must be shown to establish the threshold requirement of relevance").
Even were we to assume that the evidence should have been excluded, the defendant has failed to show that its admission resulted in a substantial risk of a miscarriage of justice. Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). "An error creates a substantial risk of a miscarriage of justice unless [the court is] persuaded that it did not 'materially influence[ ]' the guilty verdict." Ibid., quoting from Commonwealth v. Freeman, 352 Mass. 556, 564 (1967). The Commonwealth's case was strong by virtue of the victim's testimony, the corroborative testimony of the first complaint witness, and the physical evidence. We note further that the defendant's own testimony largely corroborated the victim's, lending credibility to her account. Furthermore, as we explained above, the testimony supported the defense that the defendant was so intoxicated that he was fast asleep when the incident occurred.
We are equally unpersuaded by the defendant's argument that his counsel was ineffective for failing to request general intent and accident instructions. He raises this issue for the first time on appeal, presenting the "weakest form of such a challenge because it is bereft of any explanation by trial counsel for his [or her] actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Ramos, 66 Mass. App. Ct. 548, 552-553 (2006), quoting from Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). For this reason, we are unable to determine whether "defense counsel's asserted failures may in fact have been the considered product of a tactical decision," Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 108 (1999), as the factual basis for this claim does not "appear[ ] indisputably on the trial record." Commonwealth v. Zinser, 446 Mass. 807, 811 (2006), quoting from Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994). In fact, it appears that counsel's strategy was to rest the defense on the factual question whether the defendant was asleep or awake-using that as a proxy for the question of intent. Indeed counsel argued that, if the defendant was asleep, then he could not have had the requisite intent. In these circumstances, we cannot say that counsel's failure to request an accident instruction was not part of an over-all trial strategy seeking to keep the jury focused on that single factual question.[3]
Lastly, the defendant raises a number of arguments relating to the first complaint witness's testimony. First, relying on Commonwealth v. Arana, 453 Mass. 214, 222-223 (2009), he argues that it was error to allow the first complaint witness to testify to multiple complaints. Ibid. ("[I]n circumstances where a [victim] makes successive complaints to the first complaint witness, the initial complaint is the only evidence admissible as first complaint"). Unlike in Arana, there was virtually no gap here between the two exchanges; indeed they can more properly be considered a single disclosure that was interrupted only for a few minutes when the first complaint witness went to confront and to check on the defendant and found him asleep. Where a disclosure is made in stages, it may nevertheless constitute a single first complaint where it consists of a "single, tightly intertwined ... communication," with "no meaningful gap in time." Commonwealth v. Revells, 78 Mass. App. Ct. 492, 496 (2010).
Second, we reject the defendant's argument that counsel was ineffective when, on cross-examination, he elicited from the witness the fact that she made multiple disclosures. The claim is presented for the first time on appeal and, as we explained above, is accordingly presented in its weakest form. Particularly given counsel's apparent strategy to elicit a contradictory prior complaint, we cannot say that counsel's ineffectiveness appears indisputably from the record.
Third, as the Commonwealth concedes, the first complaint witness's testimony concerning her reaction to the victim's disclosure was inadmissible. But, largely because the testimony was not lengthy, the prosecutor made no use of it, and the jury would likely have inferred the witness's reaction in any event, we see no substantial risk of a miscarriage of justice.
Judgments affirmed.

The latter two offenses were originally charged as assault and battery on a child with injury in violation of G. L. c. 265, § 13J, but were reduced by the prosecutor. An additional charge of violating an abuse prevention order, G. L. c. 209A, § 7, was dismissed.

We reject the defendant's argument, made without authority, that the judge should have sua sponte given a general intent instruction. Even were we to assume the judge had such an obligation, the defendant's argument would fail because he has failed to show, for the same reasons we explain with respect to his claim of ineffectiveness of counsel, a substantial risk of a miscarriage of justice. Contrast Commonwealth v. Gavin, 56 Mass. App. Ct. 698, 698 (2002) (failure to give jury instruction reviewed for substantial risk of miscarriage of justice).