A jury convicted the defendant, James W. Bennett, of two counts of assault and battery, as lesser included offenses of assault and battery by means of a dangerous weapon, see G. L. c. 265, § 13A (a ). On appeal, the defendant argues that (1) the motion judge erred in denying his motion to suppress a victim-witness's out-of-court and in-court identifications of the defendant as the assailant, and (2) trial counsel provided ineffective assistance. We affirm.
Background. The following facts are drawn from the motion judge's memorandum of decision and order. On December 9, 2013, Dymphana Jeffers was in a parking lot standing near a car with three men: her boy friend, Keith Barnett, Keith's brother, Timothy Barnett,[2] and the defendant. An argument ensued, during which Jeffers was struck in the face and Keith was shot. The shooter ran into a nearby apartment building.
Following the shooting, in the presence of police at the scene, Jeffers, who was hysterical, stated several times that the shooter's name was "James Bennett." At the police station, Jeffers viewed a single photograph of the defendant and confirmed that the person in the photograph shot Keith.
Before trial, the defendant moved to suppress Jeffers's identifications. On January 7, 2015, the motion judge held an evidentiary hearing and denied the motion as to Jeffers's December 9, 2013, identification, as well as to Jeffers's in-court identification at trial.[3]
Discussion. 1. Motion to suppress out-of-court identification. In reviewing a motion to suppress, the appellate court "conduct[s] an independent review of [the judge's] ultimate findings and conclusions of law." Commonwealth v. Scott, 440 Mass. 642, 646 (2004), quoting Commonwealth v. Jimenez, 438 Mass. 213, 218 (2002). One-on-one identification procedures are "generally disfavored as inherently suggestive." Commonwealth v. Dew, 478 Mass. 304, 306 (2017). To exclude a one-on-one identification, the defendant must prove, "by a preponderance of the evidence," that the identification was "so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny [the defendant] due process of law." Id. at 306-307, quoting Commonwealth v. Martin, 447 Mass. 274, 279-280 (2006). However, police are permitted to use one-on-one identification procedures when there is a "good reason." Dew, 478 Mass. at 307. When conducting a good reason analysis, we consider the following factors:
"[T]he nature of the crime involved and corresponding concerns for public safety; the need for efficient police investigation in the immediate aftermath of a crime; and the usefulness of prompt confirmation of the accuracy of investigatory information, which, if in error, will release the police quickly to follow another track."
Commonwealth v. Austin, 421 Mass. 357, 362 (1995).
The defendant argues that the motion judge erroneously denied his motion to suppress Jeffers's December 9, 2013, out-of-court identification because it was unnecessarily suggestive. We disagree. This was a serious crime of violence and, at the time of the identification, the shooter had not yet been apprehended. The identification occurred shortly after the shooting when the incident was still fresh in Jeffers's mind. See Commonwealth v. Crayton, 470 Mass. 228, 235-236 (2014). Moreover, Jeffers repeated the defendant's name at the scene, identifying him as the shooter; thus, it was reasonable for the police to conclude that Jeffers knew the assailant.[4] Under the totality of the circumstances, the police had good reason to show Jeffers a single photograph of the defendant shortly after the shooting, utilizing an identification procedure that was not unnecessarily suggestive.
2. Motion to suppress in-court identification. Even if the defendant had met his burden of establishing that the December 9, 2013, identification procedure was unnecessarily suggestive, we conclude that the motion judge did not err in denying the defendant's motion to suppress Jeffers's in-court identification.
When a defendant meets his or her burden of showing that an out-of-court identification was unnecessarily suggestive, the Commonwealth must establish by clear and convincing evidence that a "proffered identification has a source independent of the suggestive confrontation."[5] Commonwealth v. Botelho, 369 Mass. 860, 868 (1976).
The defendant argues that there was no independent source for the in-court identification because Jeffers did not know the defendant and her opportunity to observe the shooter on December 9, 2013, was limited by the fact that the altercation occurred at night, in a dark parking lot,[6] and the individuals involved were "bundled up" due to the cold weather. We disagree.
As the motion judge concluded, Jeffers had ample opportunity to observe the defendant, as she was in his presence for four to five minutes and she was standing next to him when the altercation occurred. Shortly after the altercation, Jeffers positively identified the defendant in a single photograph. Jeffers did not err in previous descriptions or identifications of the defendant, nor did the police make any suggestions about the defendant's identity as the assailant.
Finally, even if the motion judge erred in denying the defendant's motion to suppress Jeffers's December 9, 2013, out-of-court identification and in-court identification, such an error would have been harmless beyond a reasonable doubt. See Commonwealth v. Tyree, 455 Mass. 676, 701 (2010). At trial, it was never disputed that the defendant was present at the scene and was one of three men outside of the motor vehicle. Jeffers knew the other two males -- Keith and Timothy. In addition, the attack was captured on a videotape recording (video). In addition, Keith knew the defendant and identified him as the assailant.[7]
3. Ineffective assistance of counsel.[8] The defendant also argues that he received ineffective assistance of counsel, arguing that his trial attorney abandoned his misidentification defense during closing argument, and instead, conceded the defendant's guilt on the lesser included charges of assault and battery, of which the defendant was ultimately convicted.
Generally, we do not reach an ineffectiveness claim when it is raised for the first time on direct appeal. It is a "well-established principle that the preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial." See Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). This case does not fit into the exception where "the factual basis of the claim appears indisputably on the trial record." Id. at 811, quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994). Where the claim of ineffectiveness is based on a tactical decision, a "challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Id., quoting Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). On this record, we cannot say that it was manifestly unreasonable to concede that the defendant did strike the two victims where (1) Jeffers and Keith identified the defendant as the assailant, and (2) the video of the altercation supports trial counsel's contentions. Indeed, the strategy ultimately succeeded, as the defendant was acquitted of more serious charges, including armed assault with intent to murder, illegal possession of a firearm, unlawful possession of ammunition without an FID card, and two counts of assault and battery by means of a dangerous weapon.
Judgments affirmed.

Because the victim and his brother, who witnessed the altercation, share the same surname, we shall refer to them by their first names.

The defendant also moved to suppress an identification Jeffers made on December 20, 2013, when a police officer again showed Jeffers the single photograph of Bennett. The motion judge allowed that motion.

The defendant argues that Jeffers did not tell the police the defendant's name, as she only learned the defendant's full name when the police showed her his photograph at the police station. However, the motion judge credited the police officer's testimony that Jeffers stated the defendant's name at the scene several times, identifying him as the shooter.

To determine whether there is an independent source, we consider the following factors:
"(1) The extent of the witness' opportunity to observe the defendant at the time of the crime; prior errors, if any, (2) in description, (3) in identifying another person or (4) in failing to identify the defendant; (5) the receipt of other suggestions, and (6) the lapse in time between the crime and identification."
Commonwealth v. Botelho, 369 Mass. 860, 869 (1976), quoting Commonwealth v. Ross, 361 Mass. 665, 671 n.2 (1972).

The motion judge found that "lights illuminated the parking lot."

Keith's brother, Timothy, fathered a son with the defendant's mother. Accordingly, the defendant is Keith's nephew's half-brother.

This argument is brought pursuant to Commonwealth v. Moffett, 383 Mass. 201, 208 (1981).