NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-646

COMMONWEALTH

vs.

DERRICK BLAKNEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Derrick Blakney, appeals from a conviction of assault and battery on a person sixty years of age or older, causing serious bodily injury.[1]  The defendant contends that his attorney provided ineffective assistance of counsel by failing to request a jury instruction on the defense of accident and that the judge erred by failing to order the redaction of the word "pushed" from the victim's medical records.  We affirm.

Background.  On May 20, 2020, the defendant went to visit a friend who was renting a second-floor apartment in a building owned by the victim's wife.  The defendant knocked on the

---

[1] The jury found the defendant not guilty of assault and battery by means of a dangerous weapon, to wit, a shod foot, causing serious bodily injury.

victim's door, and the victim's wife opened the door.  The defendant asked if his friend was there.  The victim's wife replied that no one by that name was there and closed the door. The victim saw the defendant on the porch of the house and became concerned because he had never seen him before.  The victim went to the top of the stairs and asked the defendant "if [he] could help him, [and] was he looking for somebody particular," but the defendant did not respond.  The defendant then pushed the victim's chest with his hand.  As the victim fell off the stairs and onto the sidewalk, he grabbed the defendant, who landed on top of him.  An ambulance responded and treated the victim at the scene.  The victim was admitted to the hospital for a leg fracture and underwent surgery.  He also suffered other broken bones in his face, including a broken nose.

Prior to the start of trial, defense counsel told the judge that he would assert either an accident defense or self-defense "depending on the facts as they come in."  During the charge conference, defense counsel requested a self-defense instruction after the judge confirmed that the instruction on assault and battery "includes accident."  The judge stated, "I don't know that . . . those facts fit the self-defense instruction," and that "it may be arguably an accident."  Defense counsel responded that "part of the self-defense instruction is that the

2

amount of force that you use is only to match the . . . amount of force that is necessary," and that the case is "sort of a 'tweener with accident and self-defense." Defense counsel argued that the evidence supported his request for the self-defense instruction, and the judge agreed to provide it to the jury.

Discussion. 1. Ineffective assistance of counsel. The defendant contends that his trial counsel provided him ineffective assistance when he failed to request a jury instruction on the defense of accident when there was evidence at trial that the victim's fall was accidental. The defendant cites to his testimony that the victim grabbed the defendant's shoulder, and when the defendant brushed the victim's arm away, the victim fell down the stairs. We find the argument unavailing.

The defendant raises the claim of ineffective assistance for the first time on appeal. To sustain a claim of ineffective assistance of counsel, the defendant must show that "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer," and that such behavior "likely deprived the defendant of an otherwise available, substantial ground of [defense]." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion

for a new trial." Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). Therefore, a "claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction when the factual basis of the claim appears indisputably on the trial record." Zinser, supra at 811, quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994). Because the defendant's claim involves a tactical judgment made by trial counsel, he must show that counsel's decision was "manifestly unreasonable" when made. Commonwealth v. Miller, 101 Mass. App. Ct. 344, 348 (2022), quoting Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979).

The defendant contends that only the accident instruction, as opposed to the assault and battery instruction, "anticipates sudden and unexpected actions such as the one between the [defendant and victim] at the top of the stairs." However, the assault and battery instruction given by the judge contained language that addresses the concept of accident. The judge instructed the jury that "[a] person intends to touch another person if he does it on purpose, as opposed to accidentally."

4

See Commonwealth v. Torres, 420 Mass. 479, 484 (1995) ("[a]lthough the judge may not have used the particular words requested by the defendant, he adequately explained the concept" in giving jury instruction).  The jury instruction given by the judge included language addressing the concept of accident -- the exact jury instruction the defendant, on appeal, claims trial counsel failed to pursue.  While it is possible that counsel did not request a separate accident instruction because the assault and battery instruction explained the concept of accident, we cannot make such a determination because the factual basis of the claim does not appear "indisputably on the trial record" (citation omitted).  Zinser, 446 Mass. at 811.  Without additional evidence, such as an affidavit from trial counsel, there is no basis to conclude that his strategic choice was "manifestly unreasonable" (citation omitted).  Miller, 101 Mass. App. Ct. at 348.

2.  Admissibility of statement in the medical records.  The defendant contends that the judge abused her discretion when she declined to order the redaction of the word "pushed" from the victim's medical records, which were admitted as evidence at trial.  We are not persuaded.

"Certified medical records 'may be admitted by the court in its discretion, as evidence . . . so far as such records relate to the treatment and medical history of such cases . . . but

nothing therein contained shall be admissible as evidence which has reference to the question of liability.'" Commonwealth v. McGann, 484 Mass. 312, 320 (2020), quoting G. L. c. 233, § 79. Admission of a medical record that relates directly and primarily to the patient's treatment and medical history is permitted "even though incidentally the facts recorded may have some bearing on the question of liability." McGann, supra, quoting Commonwealth v. Torres, 479 Mass. 641, 653 (2018). The statute is liberally construed to allow the admission of medical records. See McGann, supra.

The defendant filed a motion in limine to preclude the Commonwealth from introducing inadmissible hearsay. Trial counsel requested redaction of the statement contained in the victim's medical records stating "1 kick primarily to the face and head also involving the patient being pushed off of a low deck landing on his right leg." The judge denied the motion, ruling that the statement was admissible under the medical treatment exception to the hearsay rule. She found that the statement provided a factual basis as it related to the potential cause of the injuries for which the victim was receiving treatment.

We discern no error in the judge's ruling that the word "pushed" should not have been redacted. The victim suffered several fractures, including a broken leg and broken bones in

6

his face.  The victim's description of being pushed off a deck "constitute[d] 'fact-specific references to the reported cause of [the victim's] injuries' made for purposes of obtaining medical treatment."  Commonwealth v. Dargon, 457 Mass. 387, 396 (2010), quoting Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998).  See McGann, 484 Mass. at 320 ("repeatedly beat him about the head/face and bit him several times in arms" and "came after him with steak knife" admissible statements as cause of injuries and relevant to medical treatment).[2]

Judgment affirmed.

By the Court (Rubin, Neyman & Tan, JJ.[3]),

*Paul Little*

Clerk

Entered:  July 31, 2025.

---

[2] Even assuming, arguendo, that the word "pushed" should have been redacted, the defendant nonetheless fails to demonstrate any prejudice.  The jury found the defendant not guilty of the assault and battery by means of a dangerous weapon, suggesting that they were not persuaded by the statement in the medical record, which also included the victim stating he had been kicked in the face.

[3] The panelists are listed in order of seniority.